46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph FIGUEROA, Plaintiff-Appellee-Cross-Appellant,
v.
CAMPBELL INDUSTRIES, Defendant-Appellant-Cross-Appellee.
 Nos. 93-55936, 93-55945.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 9, 1994.
Decided: Jan. 13, 1995.
 
 1
 Before: BROWNING, and GOODWIN Circuit Judges, and QUACKENBUSH, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Campbell Industries appeals from the district court's judgment following a jury verdict in favor of Plaintiff Joseph Figueroa under the Jones Act, 46 U.S.C. App. Sec. 688, and Mr. Figueroa cross-appeals the trial court's judgment setting off, from the verdict, the amount of benefits Mr. Figueroa had previously received under state workers' compensation statutes and the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq.
 
 
 4
 The district court had original jurisdiction pursuant to 28 U.S.C. Sec. 1333. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Defendant contends that the Plaintiff was precluded from recovering under the Jones Act by his recovery of workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act, and by the release he signed in the State workers' compensation proceedings. Plaintiff contends that the trial court erred in offsetting, from the jury award, the full amount of $26,977.29 he had received in workers' compensation benefits, rather than only the $12,000.00 award he received for his permanent disability. We address the preclusion issue in a companion published opinion. Here, we find the release argument waived, but modify as to the amount of offset.
 
 FACTS AND PRIOR PROCEEDINGS
 
 5
 Defendant Campbell Industries operates a shipyard at San Diego, California, where it builds and repairs ocean-going vessels. The plaintiff, Joseph Figueroa, was a waysman (shipyard worker) and tugboat operator employed by Campbell Industries, when he was injured on May 27, 1987 aboard the "GUPPY," a tug boat owned by Campbell Industries. The GUPPY was used in connection with ship construction and repair, and was tied to the dock at the time of the accident.
 
 
 6
 Shortly after his injury, Mr. Figueroa filed claims for state workers' compensation benefits with the California Workers' Compensation Appeals Board and for benefits under the Longshore & Harbor Workers' Compensation Act (LHWCA) with the United States Department of Labor, Office of Workers' Compensation Programs. On December 27, 1988 and March 21, 1989 respectively, these claims were compromised and settled. The settlement was reflected both in a Final Compensation Order issued by the United States Department of Labor, and in a Compromise and Release approved by a judge of the California Workers' Compensation Appeals Board. As a result, Mr. Figueroa received the following benefits:
 
 Medical Expenses $ 9,512.59
 Temporary Disability 5,464.70
 Permanent Disability 12,000.00
 
 
 Total $ 26,977.29
 On November 1, 1989, Mr. Figueroa filed the present action pursuant to the Jones Act, 46 U.S.C. App. Sec. 688, and general maritime law. The complaint sought (1) unspecified general damages; (2) damages for medical expenses incurred; (3) damages for lost earnings; and (4) costs of suit. Accordingly, the pretrial order specified that any award would be reduced by the $26,977.29 already received in federal and state workers' compensation benefits.
 Prior to the jury trial, counsel for Mr. Figueroa waived all claims except those for pain and suffering, as the result of a written stipulation signed by counsel for both parties that Plaintiff had been fully compensated for his medical expenses and lost wages, and that no further evidence was required in that regard. The jury found in favor of the Plaintiff and awarded $35,000.00 in damages for pain and suffering and disability. The jury found the Plaintiff's negligence had contributed 10% to his injuries; therefore, the award was reduced to $31,500.00. The district court offset that award by the $26,977.29 benefits received under the California workers' compensation statute and the LHWCA, as specified in the pretrial order, and entered a final judgment awarding the Plaintiff $4,522.71.
 COMPROMISE AND RELEASE
 Campbell Industries argues here, for the first time, that Mr. Figueroa is bound by his voluntary, knowledgeable signature on a standard California workers' compensation form entitled "Compromise and Release," providing that Mr. Figueroa, while employed as a waysman/driver:
 releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury.
 
 
 A
 review of the record fails to establish that Campbell Industries ever raised a defense or moved for summary judgment based on the signed release, separate and apart from the LHWCA preclusion argument. At argument, this court afforded counsel the opportunity to provide the court with a citation to the record showing where the specific release issue had been presented, and counsel has failed to do so. Counsel belatedly submitted citations to the record in support of his position. However, they merely refer to the argument regarding issue preclusion and the contention that, because Mr. Figueroa recovered as a longshoreman, he is precluded from subsequently recovering as a seaman under the Jones Act. Defendant's citations do not point out any specific instance where Campbell Industries raised the issue that Plaintiff's execution of the release of claims in the state workers' compensation action precluded him from seeking any further recovery in a claim under the Jones Act. The record is to the contrary
 Because Campbell Industries failed to raise the release issue in the district court, the court made no finding as to that issue. This court will review an issue not raised in the district court only if necessary to prevent manifest injustice, and if the proponent shows exceptional circumstances why the issue was not raised below. International Union of Bricklayers & Allied Craftsman Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985). As Campbell Industries failed to raise the issue below, and failed to show any exceptional circumstance why the argument was not raised, we conclude that Campbell Industries waived the "release" argument.
 OFFSET
 It is undisputed that the Longshore and Harbor Workers' Compensation Act (LHWCA) specifically provides that "[n]otwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this chapter pursuant to any other workers' compensation law or section 688 of Title 46 [Jones Act] shall be credited against any liability imposed by this chapter." 33 U.S.C. Sec. 903(e). Additionally, the pretrial order specifies that "Defendant Campbell Industries is entitled to a set off against any award in the amount of $26,977.29 as a result of payments made under the applicable compensation acts."
 However, Mr. Figueroa contends, and this court agrees, that the pretrial order was effectively amended by the stipulation that Mr. Figueroa was previously compensated for medical expenses and lost wages, and was therefore waiving any such claim in his Jones Act case. Campbell Industries argues that the pretrial order clearly provides for a $26,977.29 offset, and that the pretrial order was never formally modified.
 The pretrial order, in its entirety, reflects that initially, Mr. Figueroa was seeking all damages resulting from Campbell Industries' alleged negligence. Subsequently, Mr. Figueroa withdrew all claims for lost wages and medical expenses. The only damage evidence before the jury was related to pain and suffering. Prior to the jury being instructed, counsel signed a hand-written stipulation that Mr. Figueroa had previously been compensated for all of his medical expense and lost wages. The district court read that stipulation to the jury at the outset of the jury instructions. During Plaintiff's closing argument, counsel stated that "as I told you, the only element of damages that Mr. Figueroa is seeking is his damages for pain and suffering. That is the only uncompensated element in the case right now."
 Thus, the jury was informed by the court and counsel that the only damage issue for their consideration was Plaintiff's pain and suffering. They returned a verdict for $35,000.00. Clearly that could not represent anything but Plaintiff's pain and suffering, including that for his permanent disability. Additionally, it is apparent that Plaintiff was not previously compensated for pain and suffering under the LHWCA, because recovery for pain and suffering under that statute is not allowed.
 Campbell Industries concedes that the purpose of providing for an offset in the pretrial order was to prevent a double recovery of the cure and maintenance recovery under the LHWCA, which does not allow recovery for pain and suffering. Its position is simply that the pretrial order provided for a $26,977.29 offset, and that the pretrial order was never formally amended. A pretrial order is intended to assist the court and the parties in narrowing the issues for trial. However, it is not a document cast in concrete. Commonly and necessarily, a pretrial order is amended to conform to the proof at trial without a formal order of the court to that effect.
 Here, the parties stipulated that Plaintiff had been compensated for his medical expenses and lost wages. The jury was so informed, and no evidence was presented to the jury regarding those damage elements. The award by the jury represents only Plaintiff's pain and suffering, for which he was not previously compensated. Therefore, no offset for workers' compensation benefits paid for medical expenses and lost wages should be allowed against the jury award for only pain and suffering.
 We agree with the Fifth Circuit that it is "fair" that a credit be allowed against "those items of damages ... that bear a reasonable relation to the items of loss compensated by workmen's compensation benefits." Such items include "the pecuniary loss of wages" and "medical-hospital payments incurred. ..." "No such credit is required as to the element of pain and suffering -- past, present, or future...." Massey v. Williams-McWilliams, Inc., 414 F.2d 675, 679-80 (5th Cir. 1969), cert. denied, 396 U.S. 1037 (1970). Mr. Figueroa does not dispute that $12,000.00 in benefits he received for his permanent disability is properly offset against the jury award. However, we conclude that Campbell Industries was not entitled to an offset for the full $26,977.29.
 We remand to the district court to correct the judgment to reflect the proper judgment of $35,000.00, less 10% for Plaintiff's contributory negligence, and an offset of only $12,000.00 for the amount previously received for Plaintiff's permanent disability.
 AFFIRMED AS MODIFIED and REMANDED. Plaintiff shall recover his costs on appeal.
 
 
 *
 Honorable Justin L. Quackenbush, Chief Judge, United States District Court for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3